In the Matter of the Application of HAWAIIAN ELECTRIC COMPANY, INC., MOLOKAI ELECTRIC COMPANY, LTD., MAUI ELECTRIC COMPANY, LTD., HAWAII ELECTRIC LIGHT COMPANY, INC., CITIZENS UTILITIES COMPANY (Kauai Electric Division), GASCO, INC. (including Kauai, Maui and Hawaii Divisions) Instituting an Investigation of Lifeline Rates for Electric and Gas Utilities in the State of Hawaii - PURPA Section 114

NO. 8463

(DOCKET NO. 3874)

SEPTEMBER 9, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND CHIEF JUDGE BURNS,
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from Order and Decision No. 6696 of the Public Utilities Commission (PUC) of the State of Hawaii and from Order and Decision No. 6752, denying reconsideration of the previous order. We affirm.

This case had its genesis when Hawaiian Electric Company applied to the PUC for a rate increase. Appellants (Senior Citizens Advocates for Legal Assistance (SCALA) and Hawaii C. A. P. Directors Association (HCAP DA)) intervened, asking that the Commission establish so-call lifeline rates pursuant to § 114, Title I of the Public Utility Regulatory Policies Act of 1978 (PURPA), 16 U.S.C. § 2624 which states:

Section 114. *Lifeline rates*

(a) *Lower rates.*—No provision of this chapter prohibits a State regulatory authority (with respect to an electric utility for which it has ratemaking authority) or a nonregulated electric utility from fixing, approving, or allowing to go into effect a rate for essential needs (as defined by the State regulatory authority, or by the nonregulated electric utility, as the case may be) of residential electric consumers which is lower than a rate under the standard referred to in section 111(d)(1) of this title.

(b) *Determination.*—If any State regulated electric utility or nonregulated electric utility does not have a lower rate as described in subsection (a) of this section in effect two years after November 9, 1978, the State regulatory authority having ratemaking authority with respect to such State regulated electric utility or nonregulated electric utility, as the case may be, shall determine, after an evidentiary hearing, whether such a rate should be implemented by such utility.

(c) Prior proceedings.—Section 124 of this title shall not apply to the requirements of this section.

The standard referred to in § 111(d)(1) states:

(1) *Cost of service.*—Rates charged by any electric utility for providing electric service to each class of electric consumers shall be designed, to the maximum extent practicable, to reflect the costs of providing electric service to such class, as determined under section § 115(a) of this title.

The Commission, intending to comply with the above quoted § 114 of PURPA, entered its "Order Initiating Investigation of Lifeline Rates." The various utilities which could have been subject to such lifeline rates were included as parties. The Commission determined that since the appellants were the parties urging the adoption of lifeline rates, they should bear

the burden of proof in the proceedings. Appellant protested that determination.

The matter was treated as a "contested case" under Chapter 91, HRS, by the Commission and by all parties, including appellants, throughout the proceedings. An extensive evidentiary hearing was held and detailed findings of fact and conclusions of law were entered. Basically the Commission, as a result thereof, refused to implement lifeline rates. Appellants appealed.

Appellants' jurisdictional statement states this appeal is brought pursuant to HRS § 91-14 and § 269-16 (1981 Supp.). Those statutory provisions govern appeals from contested cases under the Hawaii Administrative Procedure Act, Chapter 91, HRS, and the statutes governing the Hawaii Public Utilities Commission, Chapter 269, HRS. Since appellants were the ones advocating the adoption of lifeline rates, they were clearly the parties initiating the proceeding and the assignment of the burden of proof to them pursuant to § 91-10(5), HRS (1981 Supp.), was not in error.

Section 91-14(g), HRS, provides:

Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedure; or

(4) Affected by other error of law; or

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Our review of the record discloses no error under the statute just cited.

Appellants argue, however, that the Commission should have somehow told them what they must prove. While the

briefs of appellants are extremely confusing, they apparently are arguing that prior to proceeding with the case, the Commission should have issued rules on the subject matter of what proponents of lifeline rates must establish. In this connection, one of their arguments seems to be that it was error for the Commission to proceed by way of a contested case hearing (although they did not object thereto) and that the Commission instead should have adopted rules pursuant to § 91-3, HRS.

One of the most difficult areas in the field of administrative law is the determination of whether a particular agency ruling is the adoption of a "rule", sometimes called a "rule of general applicability", or an "order" in a contested case, sometimes called a "rule of particular applicability". Usually that problem occurs when the agency has purported to make a "rule" and a party affected thereby contends that there should have been what our Administrative Procedure Act denominates as a contested case hearing and that a "order" should have been entered rather than a "rule." Usually in rule making, as distinguished from contested cases, parties do not have the right to examine and cross-examine witnesses, do not have the same protections of notice, hearing, etc. as in a contested case. Our Administrative Procedure Act, Chapter 91, HRS, is so structured as to require completely different forms of proceeding when the objective is to make a "rule" from that which is in effect when there is a contested case resulting in an "order".

In this case, the appellants accepted, without objection, the contested case procedure and, in fact, took their appeal based on statutes which provide for appeals from an "order" in a contested case. That being so, we will not here entertain their alternative contention that the "order" entered was instead a "rule" which should have been differently handled.

Moreover, if what appellants desired was the promulgation of a "rule" by the PUC, they should have proceeded by petition for the adoption of such rule pursuant to § 91-6, HRS. The agency then would have been obliged within 30 days to either deny the petition, stating its reasons in writing for the denial, or initiate proceedings in accordance with § 91-3, HRS.

Had the agency refused to do so, it may be (although we do not here reach or decide that question) that the appellants

would then have had an action in the circuit court of some nature, such as a declaratory judgment action; but they would not have had an appeal, under Chapter 91, HRS, to this court.

Moreover, if the agency had initiated such a proceeding and adopted a "rule" which the appellants contended was invalid, they could then have brought an action in the circuit court for a declaratory judgment as to the validity of the "rule" pursuant to § 91-7, HRS. Again, no direct appeal to this court from the agency action would have lain.

Under § 114(b) of Title I of PURPA, 16 U.S.C. § 2624(b), appellants were entitled to an evidentiary hearing. That is what they got, pursuant to § 91-9, HRS. Under PURPA the agency had discretion to adopt or not adopt lifeline rates. The agency, based on the evidentiary hearings, entered detailed findings of fact and conclusions of law, none of which are clearly erroneous, clearly supporting its discretionary determination not to adopt lifeline rates at this time. There was no error. Affirmed.

*Alan Murakami* (Legal Aid Society of Hawaii of counsel; *Dennis Niles* with him on the opening brief, *Paul, Johnson & Alston* of counsel) for appellants SCALA and HCAP DA.

Joinder on opening brief:

*Ronald Shigekane,* Deputy Attorney General, for Consumer Advocate.

*David L. Fairbanks (Thomas W. Wiliams, Jr.* with him on the brief, *Goodsill, Anderson, Quinn & Stifel* of counsel) for appellees Hawaiian Electric, Maui Electric and Hawaii Electric Companies.

Joinder on answering brief:

*James H. Case* and *Alan M. Oshima (Carlsmith, Carlsmith, Wichman and Case* of counsel) for appellee Citizens Utilities Company.

*George T. Aoki* for appellee GASCO, Inc.